EMILE M. BABST CO., Appellant, v. JOHN A. JULIANI, ET AL.

(November 16, 1925, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Builders and Buildings—Par. 29.**

Where a sub-contractor sues several persons alleging that they are the owners of the land upon which a building has been constructed, in the erection of which he has performed certain work without being paid therefor, and seeks to recover under Act 229 of 1916 upon the ground that no bond has been exacted from the contractor, it is necessary to allege that a statement of plaintiff's claim has been recorded in the mortgage office of the parish in which the land is situated as against the parties sued as owners as required by the Act.

2. **Louisiana Digest—Pleading—Par. 23, 62.**

Where defendant's liability depends upon his ownership of certain property, the fact of ownership must be clearly alleged in plaintiff's petition. The interlineation of the word "owner" following defendant's name in the prayer will not suffice.

Appeal from the Civil District Court. Hon. Wm. H. Byrnes, Judge.

This is a suit by a sub-contractor against the contractor and owners of a building for the cost of labor and material, with recognition of a lien and privilege upon the property. All defendants filed exceptions no cause of action which were overruled, with one exception, namely, that of James L. Brewer. On the trial of the case there was judgment in favor of the plaintiff against J. A. Juliani alone for the amount claimed.

Plaintiff appealed.

Judgment affirmed.

John T. Convery, of New Orleans, attorney for plaintiff, appellee.

Hunter C. Leake and Robert E. Bell, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.    Plaintiff as sub-contractor sues John A. Juliani as contractor and John D. Helmke; Lena Brewer, widow of Charles F. Stumpf; Miss Elsie K. May and James L. Brewer, as owners, upon a claim for $355.00, with recognition of a lien and privilege upon certain property described in the petition, for plumbing fixtures installed in an oil station on the corner of Carrollton avenue and Ulloa street in this city.

All parties defendant filed exceptions of no cause of action. These exceptions, except as to James L. Brewer, were overruled and the case tried on the merits by the remaining parties litigant. There was judgment in plaintiff's favor as against the defendant, John A. Juliani, alone, for the amount claimed, and the case was dismissed as to the other defendants. Plaintiff has appealed.

The exception of no cause of action as to Brewer was properly maintained, and we think should have been maintained as to the other defendants, the alleged owners of the property.

There is no allegation in the petition to the effect that Brewer is the owner of the property. On the contrary, the petition alleges that Helmke, Mrs. Stumpf and Miss May are the owners. The fact that in the prayer of the petition Brewer is named with the other defendants against whom citation and judgment is asked and the word "owners" interlined in ink can not save the situation. He is not referred to even in the prayer of the petition as the owner of any property upon which plaintiff is entitled to any privilege. The basis of this demand as against the owners of property upon which a lien and privilege

is claimed is the allegation (very inartistically made) that they are the owners of the land upon which Juliani contracted to erect an oil filling station, and they failed to require Juliani to give security under the building laws of 1916. Failing to allege that Brewer was the owner of the property, no case is presented as to that defendant.

Plaintiff does allege that Helmke, Mrs. Stumpf and Miss May, a femme sole, are the owners of the property, but it is nowhere alleged that a statement of plaintiff's claim as against these owners was filed in the mortgage office of the parish in which the property is situated, as required by Section 2 of Act 229 of 1916 The allegation is made in Article VIII of the petition: "That your petitioner filed in the mortgage office and had duly recorded a lien and privilege for the amount of th's claim as will appear from the mortgage office record, Book 1274, Folio 462, original of which is attached hereto and made part of this petition." A reference to the attached certificate shows that the sta'e ment of plaintiff's claim was made and recorded in the name of James L. Brewer as owner of the property, and no one else.

We do not discuss the right of plaintiff of action alleged as to the other three defendants sued as owners of the property. Of course, as to Juliani, who contracted for plaintiff's fixtures and who makes no defense, plaintiff must have judgment.

We do not discuss the right of plaint'' to amend his petition or the propriety of remanding the case for that purpose since this question has not been raised, and from statements made at the bar of the court it would be futile to remand the case in the interest of justice upon our own initiative.

The trial judge reached the same result by a little different route it is true, but since we are in accord with his decree the judgment appealed from will, for the reasons assigned, be affirmed.